UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**

**v.**

**Criminal Action No.
3:03CR7-J**

**KEYLEN D. GREEN**

### MEMORANDUM OPINION

This matter is before the Court on Mr. Green's challenges to his January 2004 sentence on drug and firearms charges. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the challenges lack merit.

Mr. Green was indicted in 2003. His trial commenced in October of 2003, but was interrupted by his decision to enter into a written agreement to change his plea to guilty. On January 26, 2004, the Court sentenced Mr. Green to 241 months imprisonment on the seven counts as to which he had plead guilty. Currently pending are two separate challenges to the judgment of conviction, one presented in a petition pursuant to 28 U.S.C. Sec. 2255 and the other in a "Motion and Brief to Vacate Void Judgment."

The United States contends that the "Motion and Brief to Vacate Void Judgment," which improperly cites Fed.R.Civ.Pro. 60(b)(4), is actually an untimely motion to amend the Sec. 2255 petition. The Court agrees that the motion, which seeks to attack the judgment of conviction, is properly seen as an amendment or supplement to the Sec. 2255 petition. As the tendered argument in no way relates to the original Sec. 2255, it would be considered untimely.

However, the Court further notes that the substance of the argument would lack merit in any event, whether timely or not, whether properly presented pursuant to a civil rule or not. Mr. Green would contend that the statutes under which he was convicted were not validly adopted by Congress and cannot support conviction. This argument concerns the absence of "enacting clauses" in the relevant sections of the United States Code Annotated and the United States Code Service. These Codes are not published by the United States but rather by private entities – West Publishing Company puts out the compilation known as United States Code Annotated ("USCA") and Lawyers Cooperative Publishing puts out the compilation known as United States Code Service ("USCS"). These publishers provide research aids such as indices, cross-references, explanatory notes, decision references, etc., and libraries and legal workers willingly pay hefty prices for the convenience of these sets of books. The law of the United States plainly permits citation to these Codes, and a Code is treated as strong evidence of what the law actually is. 1 U.S.C. Sec. 204.

It is rare to find a variance between the official Statutes at Large (often called "Public Laws") and the USCA or the USCS. Nonetheless, the law is completely clear that in the event of any such variance, what controls is the Statute at Large, *not* the Code. See, e.g., <u>United States v. Ward</u>, 131 F.3d 335 (3rd Cir. 1997). Enacting language, bill numbers and history, and other material to be found in the Statutes at Large is regularly omitted from the codifications. This does not render the Statutes at Large ineffective.

Similarly, there is no merit to the suggestion that an enacting clause is needing for every clause or section of a statute. Title 1 U.S.C. Sec. 103 states, "No enacting or resolving words shall be used in any section of an Act or resolution of Congress except in the first." Thus, even

if Mr. Green's Motion and Brief to Vacate Void Judgment were considered timely, it would fail for lack of merit.

In his Sec. 2255 petition, Mr. Green sets out two interrelated arguments, both based on the contention that his sentence was improperly enhanced above the base level on the basis of facts not admitted nor found by a jury beyond a reasonable doubt, and that it thereby violated the terms of the plea agreement. In <u>Blakely v.Washington</u>, 524 U.S. 296 (June 24, 2004), the Supreme Court determined that a state sentencing scheme that included enhancements above base levels implicated the right to jury determination. In <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the Supreme Court applied <u>Blakely</u> to the United States Sentencing Guidelines, and ruled that they were advisory only. The outstanding question was whether <u>Blakely</u> and <u>Booker</u> would be retroactively applicable. In <u>Humphress v. United States</u>, 398 F.3d 855 (6th cir. 2005) (cert. den. 126 S.Ct. 199),  the Sixth Circuit ruled that <u>Booker</u> does not apply collaterally to a federal defendant whose convictions were final at the time of its pronouncement. As Mr. Green filed no direct appeal, his conviction was final in early 2004, prior to both <u>Blakely</u> and <u>Booker</u>, and <u>Booker</u> is inapplicable to his case.

A prominent term of the plea agreement, executed by Mr. Green, provided that he had no right to withdraw his guilty plea in the event the Court did not accept the sentencing recommendations set forth in the agreement. As it happened, the Court did sentence Mr. Green in accordance with the applicable United States Sentencing Guidelines. The term of imprisonment imposed for Counts One through Six, each to be served concurrently with the other, was 121 months. The sentence for Count Seven, was, in accordance with statute, a mandatory 120 months, required to be served consecutively to the other sentence.

Finally, Mr. Green has presented to the Clerk of Court a request for a copy of his grand jury testimony. Grand jury transcripts are not in the custody of the Court or its Clerk, but rather in the custody of the United States Attorney. The secrecy of grand jury proceedings is carefully protected, and the Court is permitted to direct the United States Attorney to provide copies of grand jury transcripts only in very narrow circumstances, none of which exist in this case. The authority cited by Mr. Green to the Clerk of Court in support of his request (i.e., "Jencks Act and Brady Act") would not be adequate to justify such an order, even if it had been presented in the form of a motion.

Mr. Green's arguments are without merit. Furthermore, given the clear governing law, reasonable jurists would not differ regarding this outcome, and any appeal from this decision would not be taken in good faith.

An order in conformity has this day entered.